IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michael Stehney, Jr., | ) |
| | ) Civil Action No. 6:16-3955-TMC |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| Ronald E. Ferguson, Susan M. Ferguson and Ronald J. Ferguson, | ) |
| | ) |
| Defendants. | ) |

The plaintiff, Michael Stehney, Jr. ("Plaintiff"), filed this action against the defendants, Ronald E. Ferguson, Susan M. Ferguson and Ronald J. Ferguson ("Defendants"), alleging negligence, negligence per se, nuisance, trespass, and violation of restrictive covenants. Plaintiff filed this action in the Court of Common Pleas for Greenville County on March 25, 2013. On December 20, 2016, Defendants, proceeding *pro se*, filed a Notice of Removal (ECF No. 1), and the action was removed to this court. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that this action be remanded to state court based upon lack of subject matter jurisdiction (ECF No. 16), Defendants' motion for sanctions (ECF No. 23), Defendants' motion for judicial notice (ECF No. 27) and Plaintiff's motion for expedited ruling (ECF No. 29). On March 24, 2017, Defendants filed objections to the Report (ECF No. 19) and Plaintiff filed a response on April 6, 2017 (ECF No. 22).

The recommendation set forth in the Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews*

1

*v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Reports to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Background/Procedural History

Plaintiff originally filed this action in the Court of Common Pleas for Greenville County on March 25, 2013, alleging negligence, negligence per se, intentional tort, nuisance, trespass, and violation of restrictive covenants. (ECF No. 1-1). Plaintiff's complaint alleges that Defendants (Plaintiff's neighbors) caused mud to be released from Defendants' property onto Plaintiff's property causing damage. Specifically, Plaintiff alleges that silt drained from Defendants' property into Plaintiff's pond that was stocked with fish, ducks, and geese, causing the animals to die and interfering with Plaintiff's quiet enjoyment.

On December 20, 2016, Defendants removed the action to this court. (ECF No. 1). This is Defendants' second attempt to remove the underlying state court case; Defendants first removed the case to this court on October 3, 2014. (C.A. No. 6:14-3876-GRA-KFM, ECF No. 1). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the

most frequent use of judicial notice is in noticing the content of court records.")[1]; *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records); *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("The District Court clearly had the right to take notice of its own files and it had no duty to grind the same corn a second time. Once was sufficient."). On March 19, 2015, the district court remanded the case to the Court of Common Pleas for Greenville County due to lack of viable grounds for removal. (C.A. No. 6:14-3876-GRA-KFM, ECF Nos. 25 and 37).

Plaintiff filed a motion to dismiss the action and remand it to state court on January 10, 2017. (ECF No. 5). Defendants filed a response on February 14, 2017. (ECF No. 14). On March 9, 2017, the magistrate judge filed a Report recommending the court remand the action. (ECF No. 16). Defendants filed objections on March 24, 2017 (ECF No. 19), and Plaintiff filed a response on April 6, 2017 (ECF No. 22). On April 20, 2017, Defendants filed a motion for sanctions. (ECF No. 23). On April 25, 2017, Plaintiff filed a response (ECF No. 24), and on May 5, 2017, Defendants filed a reply (ECF No. 26). On May 12, 2017, Defendants filed a motion for the court to take judicial notice of twenty-seven exhibits. (ECF No. 27). On June 23, 2017, Plaintiff filed a motion to expedite ruling on his motion for remand. (ECF No. 29).

## II. Discussion

### A. Removal Jurisdiction

In his Report, the magistrate judge recommends the court remand the action to state court for the same reasons as the previous remand of the same case in Civil Action 6:14-3876-GRA-

---

[1] Defendants spend several pages in their objections discussing the Fourth Circuit's holding in *Colonial Penn*, 887 F.2d 1236. (ECF No. 19 at 5–7). However, the case was cited not for its factual similarity or holding, but merely to support the court's ability to take judicial notice of its own files. (ECF No. 16 at 3). Thus, Defendants' argument regarding the case is not relevant.

KFM. (ECF No. 16 at 3).[2] A defendant in a state court case may remove that case to a federal district court only if the action could have been originally filed in a federal district court. 28 U.S.C. § 1441. As stated previously, in his state court complaint, the plaintiff raised causes of action for: (1) negligence, negligence *per se*, and intentional tort; (2) nuisance; (3) trespass; and (4) violation of restrictive covenants. *Id*. According to the Report, while Defendants contend that resolution of the case is governed by the Federal Clean Water Act and National Flood Insurance Program Regulations, Plaintiff did not allege violations of those laws and regulations, and Defendants' belief that he should have is of no consequence because the plaintiff is master of his claim. (ECF No. 16 at 3–4); *see Cruel v. Greenville*, 617 F. Supp. 2d 436, 438 (D.S.C. 2007). In reality, Plaintiff's complaint "alleges in part a violation of restrictive covenants, which is essentially a state breach of contract action. Negligence, nuisance, and trespass are also state law causes of action." (C.A. No. 6:14-3876-GRA-KFM, ECF No. 25 at 3 (citations omitted)). Because both parties are citizens of South Carolina, federal diversity jurisdiction is not at issue here. The magistrate judge found that no federal jurisdiction supports the assertion of removal jurisdiction under 28 U.S.C. § 1441 and recommends that the court remand the case.

Defendants assert four objections to the magistrate judge's Report. Defendants argue that the magistrate judge erred because: (1) defendant Ronald J. Ferguson was not properly named in or served with Plaintiff's motion to dismiss or remand; (2) the doctrine of complete preemption transformed Plaintiff's claims into claims arising under federal law; (3) indispensable parties were not added; and (4) the court has federal question jurisdiction over the claim. (ECF No. 19).

---

[2] A notice of removal must be filed by a defendant in the state court action within thirty days after the complaint in state court is served or within thirty days after the case becomes removable. *See* 28 U.S.C. § 1446; and *Heniford v. Am. Motors Sales Corp.*, 471 F. Supp. 328, 333 (D.S.C. 1979), *appeal dismissed*, 622 F.2d 584 (4th Cir. 1980). The complaint was served on Defendants on April 1 and 3, 2013, and, as discussed below, no discovery of information has given rise to federal jurisdiction. (C.A. 6-14-3876-GRA-KFM, ECF No. 25 at 1). Here, Defendants' removal attempt is untimely.

Defendants' first objection merely restates an argument from their response to Plaintiff's motion to dismiss or remand (ECF No. 14 at 1–2) and was already addressed by the magistrate judge (ECF No. 16 at 1–2). Subject matter jurisdiction is a threshold issue.[3] *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95 (1998). "Without jurisdiction the court cannot proceed at all in any cause." *Id*. at 94. "[B]ecause the lack of subject matter jurisdiction may be noticed by the district court *sua sponte* or by any party, the court may enter a remand order *sua sponte*." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008); *see also id*. ("In the case where remand is based on a lack of subject matter jurisdiction, the remand order may be entered at any time, for jurisdiction goes to the very power of the court to act."); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Accordingly, the adequacy of Plaintiff's motion to remand is not determinative of whether remand is appropriate.

It is well settled that federal subject matter jurisdiction is based on the complaint at the time of removal and that the party seeking removal has the burden of establishing subject matter jurisdiction. *See, e.g., Moffitt v. Residential Funding Co., LLC,* 604 F.3d 156, 159 (4th Cir. 2010); *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994). Therefore, as the magistrate judge explained, Plaintiff's claim relies exclusively on state law and no federal question jurisdiction or diversity of citizenship supports the assertion of removal jurisdiction under 28 U.S.C. § 1441. Thus, remand is warranted and Defendants' objection is without merit.

In Defendants' second objection, Defendants argue that the magistrate judge erred because Plaintiff's state law causes of action were transformed into claims arising under federal

---

[3] The Report also noted that Ronald J. Ferguson was added as a party after Plaintiff served his motion on Ronald E. Ferguson and Susan M. Ferguson on January 10, 2017. (ECF No. 16 at 1–2). The court's Roseboro Order was sent to Ronald J. Ferguson the following day, January 11, 2017, and was never returned or declared undelivered. (ECF No. 10). Further, all of the Defendants are listed as living at the same address. (ECF No. 1 at 15).

5

law through the complete preemption doctrine. (ECF No. 19 at 7–11). However, complete preemption applies only in a very narrow range of cases—the Supreme Court of the United States has approved its use in only three areas, none of which apply in this case.[4] *Johnson v. American Towers, LLC*, 781 F.3d 693, 701 (4th Cir. 2015). Further, the Fourth Circuit recognizes a presumption against finding complete preemption. *Id*. In order to establish complete preemption, "the congressional intent that state law be entirely displaced must be clear in the text of the statute." *Lontz v. Tharp*, 413 F.3d 435, 441 (4th Cir. 2005). "[F]or the purposes of complete preemption, the preempting statute must provide the *exclusive* cause of action for claims in the area that the statute preempts." *Johnson*, 781 F.3d at 702 (internal citations and quotations omitted). Defendants have failed to demonstrate that complete preemption is applicable to this case or that the Clean Water Act completely preempts Plaintiff's state law claims.

In their third objection, Defendants argue that the magistrate judge erred because the County of Greenville, United States Environmental Protection Agency, and United States Army Corps of Engineers are indispensable parties. "Rule 19 of the Federal Rules of Civil Procedure sets forth a two-step inquiry for courts to determine whether a party is necessary and indispensable." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 433 (4th Cir. 2014) (internal quotation marks omitted). "The first question under Rule 19(a) is whether a party is necessary to a proceeding because of its relationship to the matter under consideration." *Id.* (quoting *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 917 (4th Cir. 1999) (internal quotation marks omitted)). "If a party is necessary, it will be ordered into the

---

[4] *See Sullivan v. American Airlines, Inc.*, 424 F.3d 267 (2d Cir. 2005) ("The Supreme Court has only found three statutes to have the requisite extraordinary preemptive force to support complete preemption: § 301 of the Labor–Management Relations Act (LMRA), 29 U.S.C. § 185; § 502(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a); and §§ 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85–86." (citations omitted)).

6

action." *Owens–Ill., Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999). "Second, if the party is necessary . . . the court must decide under Rule 19(b) whether the proceeding can continue in that party's absence." *Hanna*, 750 F.3d at 433 (quoting *Teamsters*, 173 F.3d at 917–18 (internal quotation marks omitted)).

"Decisions must be made pragmatically, in the context of the substance of each case." *Hanna*, 750 F.3d at 433. "While dismissal of a case is a 'drastic remedy that should be employed only sparingly,' it is required if a non-joined party is both necessary and indispensable." *Id.* (quoting *Keal*, 173 F.3d at 918). The burden is on the party raising the defense to make the required showing under Rule 19, *Am. Gen. Life & Acc. Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005), and the Rule 19 inquiry is left to the sound discretion of the Court, *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 250 (4th Cir. 2000) (citing *Coastal Modular Corp. v. Laminators, Inc.*, 635 F.2d 1102, 1108 (4th Cir. 1980)).

According to Rule 19, joinder of an absent party is appropriate in either of two instances: (1) when nonjoinder would prevent the Court from providing complete relief among those who are parties to the action; or (2) when the absent party claims an interest relating to the subject of the action and is so situated that the disposition of the action in the party's absence may impede or impair that party's ability to protect that interest. Fed. R. Civ. P. 19(a).

First, this objection fails to address any specific portion of the magistrate judge's report as Defendants raise the issue of necessary or indispensable defendants for the first time in their objections. (ECF No. 19 at 11–12).[5] Thus, the objection is improper. However, even if the court were to consider Defendants' third objection, it would lack merit. Defendants have

---

[5] Defendants referenced Greenville and the United States Army Corps of Engineers in his response to Plaintiff's motion to remand, but did not assert them as necessary or indispensable parties pursuant to Fed. R. Civ. P. 19. (ECF No. 14 at 21–22). Rather, Defendants discussed S.C. Code 15-38-15(D). *Id.*

7

provided no evidence that any of the alleged necessary parties have actually claimed an interest relating to the action. *See, e.g.*, *Wellin v. Wellin*, No. 2:14-CV-4067-DCN, 2015 WL 628071, at *8 (D.S.C. Feb. 12, 2015) (holding that an absent person's failure to claim an interest in the case constitutes adequate grounds to deny a Rule 19 motion). Further, upon examining the easement (ECF No. 14-2 at 5–6) and ordinance (ECF No. 14-1) cited by Defendants, the court finds that neither document demonstrates that this case could not properly proceed without the alleged parties. Accordingly, Defendants objection is without merit.

Finally, Defendants argue that pursuant to United States Supreme Court case *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005), federal jurisdiction exists. As articulated in *Grable*, a federal court has federal question jurisdiction over a state law claim if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." 545 U.S. at 314; *see also City Nat. Bank v. Edmisten*, 681 F.2d 942, 945 (4th Cir. 1982) ("[A] state-created cause of action may also arise under federal law if the resolution of the dispute depends upon the validity, construction, or effect of federal law, so long as the federal question is a real and substantial issue and its resolution is an essential element of plaintiff's case."). However, as discussed above, Plaintiff is master of his claim and, in this case, pled only state law tort and property claims that do not raise any substantial federal issues and Defendants fail to prove otherwise. *See Caterpillar v. Williams*, 482 U.S. 386 (1987) ("[T]he presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must

appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.").

The court notes that a notice of removal must be filed by a defendant in the state court action within thirty days after the complaint in state court is served or within thirty days after the case becomes removable. *See* 28 U.S.C. § 1446; and *Heniford v. Am. Motors Sales Corp.*, 471 F. Supp. 328, 333 (D.S.C. 1979), *appeal dismissed*, 622 F.2d 584 (4th Cir. 1980). The complaint was served on Defendants on April 1 and 3, 2013, and, as discussed above, no discovery of information has given rise to federal jurisdiction. (C.A. 6-14-3876-GRA-KFM, ECF No. 25 at 1). Thus, Defendants' removal attempt is grossly untimely.

"[I]t is well-established that the thirty day period for removal is mandatory and cannot be extended by the court." *Galvanek v. AT&T, Inc.*, No. 07-2759, 2007 WL 3256701, at *2 (D.N.J. Nov. 5, 2007); *see also Chamberlin v. Township of Saddlebrook*, No. 15-8366, 2016 WL 2643100, at *2 (D.N.J. Apr. 19, 2016) (collecting extensive cases so holding). "When a notice of removal is filed more than thirty days after a removable pleading was served, the remand is defective and remand is warranted." *See id.* (citing numerous cases; remanding for untimely removal alone). The concept of the 30-day rule is to "prescribe a uniform time frame, at the beginning of immediately removable actions, within which removal will be effected. The goal is early resolution of the court system in which the case will be heard." Charles A. Wright, et al., 14C Federal Practice and Procedure § 3731. Accordingly, Defendants' attempted removal violates 28 U.S.C. 1446(b) and remand is appropriate on that basis alone, in addition to the lack of federal jurisdiction, as discussed above. *See Chamberlin*, 2016 WL 2643100, at *1-2.

Finally, "a state court defendant may lose or waive the right to remove the case to a federal court by taking some substantial offensive or defensive action in the state court action

9

indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." Charles A. Wright, et al. Federal Practice & Procedure § 3721 (3d Ed. 2008); *see also St. John v. Affinia Group*, No. 09-2501, 2009 WL 1586503, at *3 (D.N.J. June 8, 2009); *JP Morgan Chase Bank, N.A. v. Smith*, No. 08-1457, 2008 WL 2943369, at * 1–2 (D.N.J. July 29, 2008) ("This court concludes that a defendant must not be allowed to test the waters in state court, and finding the temperature not to its liking, beat a swift retreat to federal court. Such behavior falls within the very definition of forum-shopping and is antithetical to federal-state court comity."). The state court docket demonstrates that the case has an extensive history, with Defendants filing answers and counterclaims, numerous motions, and participating in multiple hearings, thus waiving any possible right of removal. *See, e.g., Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006) ("A district court may clearly take judicial notice of these public [state court] records. . ."). Accordingly, for all of the above reasons, the district court finds for the second time that removal is unwarranted and inappropriate in this case.

B.  **Defendants' Motion for Sanctions**

Defendants filed a motion for sanctions under Federal Rule of Civil Procedure 11. Despite remanding the case, the court will consider Defendants' motion. *Scott v. ADT Sec. Sys., Inc.*, 205 F.3d 1334 (4th Cir. 2000) (unpublished table decision) ("A federal court may consider collateral issues, such as a Rule 11 motion, after the entry of a final order."). Defendants argue that Plaintiff violated Rule 11(b)(3) in his response to Defendants' objections (ECF No. 22) in stating, "The Plaintiff's Complaint alleges that the Defendants' negligent actions caused a significant amount of mud to be released from the property of the Defendants onto the property of the Plaintiff," and by contending that there are no federal issues involved in this case.

Rule 11 authorizes the court to sanction a party to "deter future litigation abuse." *Hunter v. Earthgrains Co. Bakery,* 281 F.3d 144, 151 (4th Cir. 2002). To determine whether sanctions under Rule 11 should be imposed, the court employs an objective test of reasonableness, asking whether "a reasonable attorney in like circumstances would believe his actions to be factually and legally justified." *Artco Corp. v. Lynnhaven Dry Storage Marina, Inc.,* 898 F.2d 953, 956 (4th Cir. 1990). This test does not require counsel to be correct in their legal argument; instead, counsel need only be reasonable. *Miltier v. Downes,* 935 F.2d 660, 664 (4th Cir. 1991). Rule 11(b)(3) states that a party's factual contentions must "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." *See Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 277 (4th Cir. 2006) ("[F]actual allegations violate Rule 11(b)(3) when they are "unsupported by *any* information obtained prior to filing.").

Defendants contend that Plaintiff's assertion that no federal issues warranting removal are involved in this case violates Rule 11 because it is knowingly false or lacks any factual support. (ECF Nos. 23-1 at 13–14 and 26 at 18–19). However, the court finds Plaintiff's assertion to be true—this court lacks subject matter jurisdiction over this action. Accordingly, Defendants fail to show that sanctions are warranted under Rule 11.

### III. Conclusion

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 16) and incorporates it herein. It is therefore **ORDERED** that this action be **REMANDED** to the Court of Common Pleas for Greenville County. Defendants' Motion for Sanctions (ECF No. 23) is **DENIED**. Plaintiff's Motion to Dismiss

from Federal Court and Remand to State Court (ECF No. 5), Defendants' Motion for Judicial Notice (ECF No. 27) and Plaintiff's Motion to Expedite (ECF No. 29) are **DENIED as moot**.

**FURTHER, ADDITIONAL ATTEMPTS BY DEFENDANTS TO REMOVE THIS ACTION TO FEDERAL COURT MAY RESULT IN SANCTIONS.**

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Court Judge

July 13, 2017
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.